UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

DAVID KEITH PARRIS,

   Petitioner,

v.                                                      Case No. 5:20cv4-MCR-HTC

SECRETARY OF DEPARTMENT OF
 CORRECTIONS,

   Respondent.
_____/

## ORDER

This case is before the Court based on the Magistrate Judge's Report and Recommendation, ECF No. 19. The parties have been furnished a copy of the Report and Recommendation and have been afforded an opportunity to file objections pursuant to Title 28, United States Code, Section 636(b)(1). The Court has made a de novo determination of all timely filed objections, *see* ECF No. 20, and has determined that the Report and Recommendation should be adopted.

While all objections have been considered de novo and are rejected, the Court finds that the objection as to Ground One merits further discussion. In Ground One, Petitioner claimed ineffective assistance of counsel in failing to object or move for a dismissal based on the State withholding evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). Petitioner argued counsel should have moved to dismiss because of the State's failure to preserve the victim's pullup for DNA testing

or to show it was not stretched out, which, he contends, could have proven his hand was not inside the pullup, and he could not have touched the victim's genitals.

The state postconviction court rejected the claim, applying *Strickland v. Washington*, 466 U.S. 668, 689 (1984), *Brady v. Maryland*, 373 U.S. 83 (1963), and *Arizona v. Youngblood,* 488 U.S. 51, 57–58 (1988).  The state court determined this was not a *Brady* claim, and instead, the failure to preserve evidence required a showing of bad faith under *Youngblood*.  The state court found the evidence only *potentially* exculpatory and found no evidence of bad faith on the part of the State.  Citing the trial record, the state postconviction court noted that the detective testified he did not recover undergarments when he investigated because the police were called several days after the incident (44 hours), and he had not heard about a pullup until during trial.[1]  The state court reasoned also that the identity of the defendant was not in question and the state's theory of the case could be proven even if DNA testing showed an absence of Petitioner's DNA inside the pullup.  The Petitioner was charged with intentionally "touching the breast, genitals, genital area, or buttocks or the clothing covering them," and in a recorded phone call from the jail to the grandmother, the Petitioner had acknowledged that his hand was between the

---

[1] The mother testified at trial that the pullup was wet so she changed it and threw it in the trash, but the garbage had not been taken out.  The victim had not mentioned wearing a pullup when she was interviewed.

Case No. 5:20cv4-MCR-HTC

child's legs.² Consequently, the only issue was Petitioner's intent, which could be found from his own statements, regardless of the presence or absence of DNA evidence. Additionally, the court noted that counsel effectively used the State's failure to preserve the evidence or to obtain DNA testing during opening statements, in closing arguments, and while cross examining the detective during trial. The state postconviction court concluded that the record "conclusively rebuts" the claim of ineffective assistance. ECF No. 12–5 at 198.

The Magistrate Judge agreed that the pullup was only potentially useful, that the lack of Petitioner's DNA would not have disproved the State's case, and the defendant's identity was not in question. Petitioner objects, arguing that the lost evidence *was* materially exculpatory for purposes of *Brady*, so there was no need to find bad faith under *Youngblood*. Petitioner argues that materiality is shown because the DNA testing would have proven that his DNA was not inside the pullup, and the pullup was not stretched, disproving the State's theory of skin-to-skin contact. The Court disagrees and finds the argument both conclusory as well as speculative. Despite Petitioner's statement otherwise, it is *unknown* whether DNA testing would have shown the presence or absence of his DNA or whether the pullup even would have been in any condition to render reliable results after 44 hours of soaking in

---

² Additionally, the mother testified that the victim had also told her that Petitioner had touched her breasts. ECF No. 12–3 at 230.

Case No. 5:20cv4-MCR-HTC

urine in the garbage can. The evidence is only potentially useful and thus not proper under *Brady*. As the Magistrate Judge concluded, an attorney is not ineffective for failing to raise a claim that is reasonably considered to be without merit.

Moreover, as the state postconviction court and the Magistrate Judge concluded, even if testing had not found Petitioner's DNA present, the State could still prove its case. Petitioner acknowledges that the charge included "touching the breast, genitals, genital area, or buttocks or the clothing covering them," but argues that the State only pursued skin-to-skin touching under the victim's pullup at trial. Nevertheless, the charge was broad enough to support a different evidentiary focus and the mother did testify at trial that the victim also told her Petitioner touched her breasts. More significantly, given Petitioner's own statements that his hand was between the victim's legs, the determination of guilt turned on his intent, not the presence or absence of DNA evidence. Thus, the conclusion that the evidence was only potentially material is not unreasonable on this record.

Petitioner also argues that bad faith is shown because the detective "knew or should have known" that the victim was wearing some type of undergarments and intentionally failed to preserve them, he also asserts that the Magistrate Judge relied on speculative or irrelevant statements by the detective, who testified that Petitioner's DNA would be on the pullup "if he would have changed the pullup" and that the victim likely would have gone to the bathroom within the 40 hour period

before he arrived. This all falls short of showing bad faith. There is no evidence that the detective was aware of a pullup in the trash, and based on the allegations, there was no question regarding the identity of the suspect or any apparent need to examine clothing for his bodily fluids. Additionally, while it is unknown whether a DNA test would have shown the absence of Petitioner's DNA, the record confirms that trial counsel made effective use of the State's failure to preserve or test this evidence in an attempt to create a reasonable doubt during opening statements, cross examination, and closing arguments. The record does not reflect deficient performance or prejudice under *Strickland* but a reasonable trial strategy. The Court concludes that the state court decision is neither an unreasonable determination of the facts in light of the state court record nor is it contrary to established federal law.

Accordingly:

1. The Objections, ECF No. 20, are **OVERRULED**, and the Magistrate Judge's Report and Recommendation, ECF No. 19, is adopted and incorporated by reference in this order.

2. The habeas petition challenging the conviction in *State v. Parris*, 2014 CF 1736, in Bay County, Florida, ECF No. 1, is **DENIED** without an evidentiary hearing.

3. A certificate of appealability is **DENIED**.

4. The Clerk of Court is directed to close the file.

**DONE AND ORDERED** this 27th day of February 2023.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**